UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIA SIERRA ROBLES
& MELVIN RIVERA

       Plaintiffs,

V                                       Case #  6:16-cv-01662-RBD-KRS

ORLANDO FEDERAL CREDIT UNION,

       Defendant,

_____/

## FIRST AMENDED COMPLAINT

Plaintiffs bring this action against Defendant, on the grounds and the amounts set forth herein.

### I. Preliminary Statement

This action arises out of the facts and circumstances surrounding phone calls, in-person debt collection visits to the Plaintiffs' homes to attempt to repossess the motor vehicle, refusal to deliver the title to the motor vehicle and other unlawful contact made by Defendant.

Plaintiffs are individuals and consumers. They have instituted this action for actual and statutory damages against the Defendant who is a debt collector, for violations of State and Federal law as set forth below.

Defendant has continued to contact Plaintiffs in a manner that violates 15 U.S.C. 1692 et. seq. and Chapter 559.72(7) of the Florida Statutes, because Defendant continued to contact Plaintiffs and said contact on the part of Defendant was also contrary to Plaintiff's cease and

desist instructions as Defendant knew that Plaintiff instructed Defendant to stop contacting Plaintiffs. Yet Defendant chose to contact Plaintiffs without regard to Plaintiffs' lawful rights, with intent to annoy and harass Plaintiffs.

## II. Parties

1. Plaintiff MARIA SIERRA ROBLES is a natural person and consumer residing in Orange County, Florida. Plaintiff MELVIN RIVERA is a natural person and consumer residing in Orange County, Florida. Plaintiffs are the "called party" with respect to the calls placed to their cellular telephone numbers, as further described herein. *See Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 643 (7th Cir. 2012).

2. Defendant is a federal credit union with charter number 1213 and it is accountable under 15 U.S.C. 1692, et. seq. as well as Chapter 559 of the Florida Statutes. Defendant is a debt collector.

3. Defendant, a self-described "debt collector", was attempting to collect an alleged but unsubstantiated consumer debt against Plaintiffs, which gives rise to this action.

## III. Jurisdiction And Venue

4. Jurisdiction is conferred on this Court by 28 U.S.C. 133. and pursuant to 15 U.S.C. §1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

5. Venue is this District is proper in that the Defendant transacts business here and the conduct of underlying the complaint occurred in Orange County, Florida, which falls under the jurisdiction of the Tampa Division of the Middle District Court.

8

### IV. Factual Allegations

6. On January 14, 2016, Plaintiffs went to Defendant's John Young Parkway Branch office and gave the cashier (name unknown TLR 0607) seven thousand dollars ($7,000.00) in cash to pay the outstanding balance owed on the loan for their 2004 Subaru Impreza motor vehicle. According to the Defendant's account records, Plaintiff's outstanding balance as of the date of the transaction was $6,913.16. This Balance included both the outstanding principal of $6,768.74 and interest in the amount of $144.42. Attached as Exhibit A is a copy of the receipt evidence payment.

7. Plaintiffs demanded the title for the Subaru Impreza and issued cease and desist instructions numerous times to Defendant verbally and in writing including on or about January 25, 2016. A copy of the letter is attached hereto as Exhibit B.

8. Plaintiffs attorney Miriam Velez, Esquire sent the January 25, 2016 letter to Defendant via certified mail and facsimile.

9. Defendant continued to write letters and call Plaintiffs cell phone repeatedly in regard to the debt after the cease and desist instructions were given. Plaintiffs repeatedly disputed the alleged debt for the Subaru and demanded the title to the vehicle.

10. Defendant had actual knowledge that Plaintiffs were represented by attorney Miriam Velez, Esquire yet continued to contact them and harass Plaintiff's to pay the vehicle loan, refused to return the title to the vehicle and unlawfully sent their agent, Tony Volta to their home to harass them about the debt.

11. Defendant does not own the debt that Defendant was attempting to collect from Plaintiffs.

12. Defendant informed Plaintiffs that Defendant was a debt collector.

13. Defendant did not issue initiating correspondence to Plaintiffs giving Plaintiffs an opportunity to challenge the validity of the debt that Defendant alleged against Plaintiffs.

14. Defendant has no factual basis to allege a consumer debt against Plaintiffs.

15. Upon information and belief the Defendant cannot collect the debt because it was paid in full on January 14, 2016.

16. Defendant was not entitled to contact Plaintiffs in regards to the alleged debt after having been notified that Plaintiffs did not want Defendant to contact Plaintiffs again, yet Defendant continued the unwanted contact in violation of state and federal law.

17. Defendant's office addresses each contain computers with internet access.

18. Defendant uses automated dialers (as defined by the Telephone Consumer Protection Act) to contact consumers via their cellular telephones and left pre-recorded messages on Plaintiffs' cell phone(s).

19. Defendant continued contacting Plaintiffs by calling Plaintiffs' cell phone repeatedly after they told Defendant to stop calling and physically coming to their homes to repossess the Subaru, which in fact, had been paid off.

20. Defendant and its agents are accountable under the Fair Debt Collection Practices Act.

21. Defendant is accountable under Chapter 559.72 of the Florida Statutes.

22. Defendant is not exempt from the Fair Debt Collection Practices Act.

23. Defendant is not exempt from Chapter 559.72 of the Florida Statutes.

24. Defendant conducts interstate commerce in the United States.

25. Defendant maintains calls centers in the United States.

26. Defendant contacted Plaintiff MELVIN RIVERA from telephone number 407-835-3500 on May 9, 2016, on May 31, 2016, May 26, 2016, May 24, 2016, June 2, 2016, June 23,

2016, July 6, 2016 and July 15, 2016, which was after Defendant had actual knowledge that Plaintiff was represented by legal counsel.

27. Defendant left prerecorded messages on Plaintiff MELVIN RIVERA's cellular telephone on June 2, 2016, May 31, 2016, May 26, 2016, May 24, 2016, and May 20, 2016, which was after Defendant had actual knowledge that Plaintiff was represented by legal counsel.

**COUNT I:  VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT—15 U.S.C. § 1692 *et seq.***

28. Plaintiffs re-allege and incorporated paragraphs 1-27 set forth above.

29  Plaintiffs are a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act, to *wit* Plaintiffs have been subjected to Defendant's improper debt collection practices, which included calling Plaintiffs multiple times per day after being told that they did not owe the debt and coming to their home multiple times.

30. At all times relevant to this action Plaintiffs did not owe a debt to the Defendant that they were attempting to collect.

31. The motor vehicle loan account that the Defendant was attempting to collect from the Plaintiffs, is a "debt" within the meaning of section 15 U.S.C. § 1692a(5) which addresses an obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction that was primarily for personal, family, or household purposes.

32. Defendant violated 1692g (a) by failing to provide a Notice of the Debt within five days after the initial communication with Plaintiff in connection with the collection of the debt.

33, The Defendant violated the law by not responding within five days with the proper documentation after the Plaintiff asked Defendants to send the documentation.

11

34. Defendant violated the FDCPA by 1) falsely representing the character, amount, or legal status of a debt; 2) threatening to repossess the Subaru when it cannot legally be taken; and 3) using a false representation or deceptive means to collect or attempt to collect any debt. § 1692e(2)(a), (4), (5), (10).

35. Defendant violated *15 U.S.C. § 1692d(5)* which prohibits a debt collector from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

36. Plaintiffs repeatedly advised Defendant that they disputed the debt and demanded that they stop calling them.

37. Defendants failed to identify and verify the debts they were calling about when they placed the calls to Plaintiffs.

38. Defendant continued to harass Plaintiffs despite the fact that they disputed the debt.

39. Plaintiff does not owe any debt that the Defendant has the right to collect.

40. Defendant did not issue any initiating correspondence to Plaintiffs such that Plaintiffs would opportunity to challenge the validity of the debt account that Defendant was attempting to collect from Plaintiffs.

41. These complained of actions (as alleged above, including but not limited to paragraphs 1 to 41) on the part of Defendant (contact with Plaintiffs after Defendant had actual knowledge of Plaintiff's cease and desist) constitutes a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1601 generally, and 15 U.S.C. 1692(c), 15 U.S.C. 1692 (d) and is further liable for attorney fees and costs under 15 U.S.C. 1692(k), because Defendant continued to contact Plaintiffs after being advised that such contact was against Plaintiffs' wishes and directives of Plaintiffs, in a manner designed to harass or annoy Plaintiff and to disregard the lawful rights of the Plaintiffs by calling Plaintifs' phone and causing it to ring repeatedly with the

intent to harass and/or annoy Plaintiff.

42. Indeed, Plaintiffs advised Defendant to stop contacting Plaintiffs and that Plaintiffs did not wish to receive any more calls or in person contact from Defendant, yet Plaintiffs continued to be contacted by Defendant (post cease and desist instruction), who intended to harass and or annoy Plaintiffs and by disregarding the rights of Plaintiffs under the law, and continuing to contact Plaintiffs in regards to an alleged consumer debt.

43. Plaintiffs have incurred actual damages and incurred attorney's fees and costs in pursuing this action. Defendants' actions are knowingly and willfully abusive and harassing to the point that Plaintiffs' seek punitive damages against the Defendant.

44. All conditions precedent to the filing of this action have occurred or have otherwise been waived.

**COUNT II:   VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT—§§ 559.55-.785, FLA. STAT ("FCCPA")**

45. Plaintiffs re-allege and re-incorporate paragraphs 1-27 above.

46. At all times material, pursuant to section 559.55(2), Florida Statutes, Plaintiffs were a "consumer" as Plaintiffs were natural persons allegedly obligated to pay a debt that arises out of a non-existent default for failure to pay a car loan that they did not owe, and thus fees and charges that were not owed.

47. At all times material, pursuant to section 559.55(6), Florida Statutes, Defendant was a "debt collector," as they used an instrumentality of commerce for the purpose of collecting a debt, by calling the Plaintiff and mailing them notices.

48. Section 559.77(5), Florida Statutes, provides that interpretations of the federal courts relating

13

to the FDCPA shall be given great weight when applying the provision of the FCCPA.

49. The Defendant was attempting to collect money which was a "consumer debt" within the meaning of section 559.55(1), as Defendant's improper debt collection addressed an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

50. Section 559.72(9), Florida Statutes, provides that no person shall claim attempt or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows the right does not exist. Defendant knew or should have known that the Plaintiffs did not owe any amount for the Subaru vehicle loan.

51. Section 559.72(18), Florida Statutes, provides that Defendant could not communicate with the Plaintiffs since it knew that they were represented by attorney Miriam Velez, Esquire.

52. All conditions precedent to the filing of this action have occurred or have otherwise been waived.

53. Plaintiffs have incurred actual damages and incurred attorney's fees and costs in pursuing this action. Defendants' actions are knowingly and willfully abusive and harassing to the point that Plaintiffs' seek punitive damages against the Defendant.

## Prayer for Relief

WHEREFORE, Plaintiffs pray that judgment be entered against the Defendant for the following:

(1) Statutory damages pursuant to 15 U.S.C. 1692 as well as Chapter 559.77 of the Florida Statutes; (2) Fair and reasonable costs of this action, court costs and attorney's fees, where provided for by law;

(3) Such other and further relief that the Court deems just and proper.

Respectfully submitted on September 15, 2016.

**/s/ Lisa Wilcox**

By: _____

Lisa R. Wilcox, Esquire
FBN: 697291
Wilcox Law, P.A.
721 First Avenue North, Suite 100
St. Petersburg, Florida 33701
888-945-2695
lisa@wilcoxlawpa.com

**/s/ W. John Gadd**
W. John Gadd
FL Bar Number 463061
Bank of America Building
2727 Ulmerton Road-Suite 250
Clearwater, FL 33762
Tel- (727) 524-6300
Email- wjg@mazgadd.com

15