**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLAND DIVISION**

MARIA SIERRA ROBLES; and MELVIN RIVERA,

        Plaintiffs,

v.                                      Case No:   6:16-cv-1662-Orl-37KRS

ORLANDO FEDERAL CREDIT UNION,

        Defendant.
_____

**ORDER**

This cause is before the Court on the following matters:

(1)    Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum of Law (Doc. 10), filed October 19, 2016;

(2)    Amended* Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum of Law (Doc. 11), filed October 21, 2016; and

(3)    Plaintiff's Response to Defendant's Motion to Dismiss Complaint (Doc. 5), filed November 1, 2016.

**BACKGROUND**

On September 30, 2016, Plaintiffs Maria Sierra Robles and Melvin Rivera ("**Plaintiffs**") filed a two-count Amended Complaint ("**Complaint**"), alleging that Defendant Orlando Federal Credit Union ("**Defendant**") is a "debt collector" and violated the Fair Debt Collection Practices Act ("**FDCPA**"), 15 U.S.C. §§ 1692-1692p, and the Florida Consumer Collection Practices Act ("**FCCPA**") Florida Statutes, § 559.72. (Doc. 5, ¶¶ 2, 3.) As exhibits to the Amended Complaint, Plaintiffs filed: (1) two receipts dated

January 14, 2016, from Orlando Federal Credit Union ("**Receipts**"), which reflect payments on account XXXXXX6419 for a 2004 Subaru Impreza ("**Account**"); (2) correspondence dated January 25, 2016, from Plaintiff's counsel to "Creditor: Orlando Federal Credit Union" ("**Correspondence**"); and (3) the business card of Tony Volta, a "Florida Investigating Agent" ("**Card**"). (*Id.*) Defendant moved to dismiss the Amended Complaint in accordance with Federal Rule of Civil Procedure 12(b). (Doc. 11, p. 2.) Plaintiffs responded (Doc. 15), and the matter is ripe for adjudication.

## DISCUSSION

Federal Rules of Civil Procedure 8 and 10 require a complaint to include factual allegations that "state a claim to relief that is plausible on its face" and establish a basis for the Court's exercise of jurisdiction. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In making this plausibility determination, the Court must accept the factual allegations as true; however, this "tenet . . . is inapplicable to legal conclusions." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal under Rule 12(b), a plaintiff must adequately plead three elements: (1) the plaintiff has been "the object of collection activity arising from consumer debt"; (2) "the defendant is a debt collector as defined by the FDCPA"; and (3) "the defendant has engaged in an act or omission prohibited by the FDCPA." *Kennedy v. Nat'l Asset & Risk Mgmt., LLC*, No. 3:13-CV-101-J-12MCR, 2013 WL 5487022, at *2 (M.D. Fla. Sept. 30, 2013).

A review of the Amended Complaint reflects adequate allegations as to the three elements of an FDCPA claim. (*See* Doc. 5.) It also reflects proper allegations concerning this Court's exercise of federal question jurisdiction, 28 U.S.C. § 1331. (*See id.*) Nonetheless, Defendant seeks dismissal because—as demonstrated on the face of the

Correspondence—it is not a "debt collector" as defined by the FDCPA. (*See* Doc. 11, p. 2.) In the reference line, the Correspondence does refer to Defendant as "Creditor." (Doc. 5-2.) Such an obtuse reference does not establish Defendant's status as a creditor or as a debt collector. Rather, given the specific and contrary allegations of the Complaint, the Court finds that the Amended* Motion to Dismiss is due to be denied. If warranted by the evidence, Defendant's status under the FDCPA may be raised in a properly supported motion under Rule 56.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Amended* Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum of Law (Doc. 11) is **DENIED**.

2. Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum of Law (Doc. 10) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 2, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record